UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH CARSON,<br><br>        Plaintiff,<br><br> v.<br><br>T. MCGUINNESS,<br><br>        Defendant. | No. 23-CV-6776 (KMK)<br><br>ORDER |

KENNETH M. KARAS, United States District Judge:

On December 18, 2024, Plaintiff Joseph Carson, proceeding pro se, submitted a motion requesting that the Court recuse itself (the "Motion"). (Dkt. No. 29.) For the reasons set forth below, the request is denied.

28 U.S.C. Section 144 provides that a judge should recuse himself when a party has filed a "timely and sufficient affidavit" showing that the judge has "a personal bias or prejudice" against the party or in favor of an adverse party. The statute requires that another district court judge be assigned to hear the matter if the movant establishes both that the disqualification motion is timely and the party's affidavit is legally sufficient. *Id.* The standard for an affidavit's legal sufficiency under Section 144 in this Circuit requires that it "show the objectionable inclination or disposition of the judge; it must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Keesh v. Quick,* No. 19-CV-08942, 2022 W'L 2160127, at *9 (S.D.N.Y. June 15, 2022) (quoting *Williams* v. *New York City Hous. Auth.,* 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003).

28 U.S.C. Section 455(a) provides that a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The Second Circuit similarly applies

an "objective" standard to the inquiry under 28 U.S.C. § 455(a), asking: "would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal." *United States* v. *Lovaglia,* 954 F.2d 811, 815 (2d Cir.1992). Additionally, Section 455(b)(l), like Section 144, prescribes recusal where a judge has "a personal bias or prejudice" concerning a party. 28 U.S.C. §§ 144, 455(b)(l).

Plaintiff's Motion does not satisfy the requirements for recusal under either standard. First, the Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Johnson v. Starwood Hotels & Resorts Worldwide, LLC*, No. 23-CV-1156, 2025 WL 388298, at *2 (S.D.N.Y. Feb. 4, 2025) (applying the same standard); *Williams v. United States*, No. 14-CR-784, 2025 WL 268452, at *2 (S.D.N.Y. Jan. 21, 2025) (same).

Second, courts have consistently found that a judge's prior rulings against the litigant in the case before them—a situation which arguably implicates more direct conflicts of interest than the one at hand——are insufficient to require a judge's disqualification from a proceeding. *Schiff v. United States*, 919 F.2d 830, 834 (2d Cir. 1990) ("Prior adverse rulings 'without more, ... do not provide a reasonable basis for questioning a judge's impartiality.'" (quoting *United States v. Wolfson*, 558 F.2d 59, 64 (2d Cir.1977)); *see also Jewell v. United States Dep't of Educ.*, No. 2:22-CV-53, 2022 WL 14770584, at *3 (D. Vt. Oct. 26, 2022) (holding that the court's ruling in favor of the defendant did not suggest bias sufficient to merit recusal); *Edwards v. Wilkie*, No. 16-CV-803, 2020 WL 1685824, at *4-5 (S.D.N.Y. Apr. 6, 2020) (rejecting motion for recusal where movant simply pointed to adverse substantive decision as the basis for recusal).

Here, Plaintiff argues that the Court's previous ruling in favor of the "officers who arrested [him] in this matter" may prevent the Court from being impartial. (*See* Dkt. No. 29 at

1.) The case that Plaintiff refers to is *Wheeler v. Slanovec*, No. 16-CV-9065, 2019 WL 2994193 (S.D.N.Y. July 9, 2019). In that case, the Court ruled in favor of the defendants, finding the plaintiff's claims (not Plaintiff in the instant case) were time-barred. *Id*. at *5–7. This kind of routine legal determination is insufficient to demonstrate bias or partiality, and certainly does not raise "significant doubt that justice would be done absent recusal." *Lovaglia,* 954 F.2d at 815. Plaintiff presents no evidence, other than the Court's prior judicial ruling, that suggests the Court is likely to be biased against him in this matter, and thus recusal is not warranted.

As the motion is insufficient on its face to make out a prima facia case of bias, it is not necessary for another judge to make this recusal determination. Because the Court finds that grounds do not exist to warrant recusal under the circumstances, Plaintiffs motion for recusal is, accordingly, denied.

SO ORDERED.

Dated:   February 10, 2025
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge